**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FERNANDO THOMPSON, | § | |
| TDCJ-CID #353532, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. H-02-2384 |
| | § | |
| JANIE COCKRELL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Fernando Thompson is an inmate of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ).  He filed suit under 42 U.S.C. § 1983 against the TDCJ director, Janie Cockrell, in her official and individual capacity.  Thompson claims that Cockrell unlawfully denied him mandatory supervision from May, 1995 through October, 2001.  (Docket Entry No. 1).  Cockrell filed a motion and supplemental motion for summary judgment.  (Docket Entries No. 42, 43).  Thompson filed a response and a memorandum of law.  (Docket Entries No. 44, 45).  On August 9, 2004, this court granted Thompson's request to postpone this case pending a dispositive ruling in a related case, *Thompson v. Dretke*, C.A. No. 1:03-cv-389 (E.D. Tex.).  This court administratively closed this case.  Thompson was advised that he could seek reinstatement within thirty days after the United States District Court for the Eastern District of Texas decided the related case.

Thompson filed a motion to reinstate this case and a motion to reopen. (Docket Entries No. 48, 52). Thompson argues that he no longer needs a decision in the related case to proceed here. The motions to reinstate and reopen are granted.

The following motions are pending before this court:

1.    Cockrell's motion for summary judgment, as supplemented (Docket Entries No. 42, 43).

2.    Thompson's motion to amend (Docket Entry No. 49).

3.    Thompson's motion for trial date and/or settlement (Docket Entry No. 51).

4.    Thompson's motion for stipulations (Docket Entry No. 52).

After careful consideration of the pleadings, the motions and responses, the summary judgment evidence, and the applicable law, this court grants Cockrell's motion for summary judgment; denies Thompson's motions to amend, for trial date and/or settlement, and for stipulations; and by separate order, enters final judgment dismissing this case. The reasons for these rulings are set out below.

## I.    FACTUAL BACKGROUND AND CLAIMS

The Fifth Circuit set out the relevant chronology in Thompson's related habeas case, *Thompson v. Cockrell*, 263 F.3d 423 (5th Cir. 2001). These events are not in dispute. In 1982, Thompson pleaded guilty to aggravated rape of a child in the 252nd District Court of Jefferson County, Texas. He was sentenced to a thirty year prison term. The state district court erroneously gave Thompson credit for calendar time served beginning on May 14, 1982, rather than October 27, 1982, the date he actually began serving his sentence. Based

on his accrued good-time credit and calendar time, TDCJ released Thompson to mandatory supervision on September 9, 1993, which was 166 days too early. Thompson violated the conditions of his release and was returned to custody on February 2, 1995. After the revocation of Thompson's community supervision on March 1, 1995, the Texas Board of Pardons and Paroles denied Thompson credit against his sentence for the one year, four months, and twenty-three days he was at liberty. The Board also determined that by violating the terms of his community supervision, Thompson had forfeited the good-time credit accrued before his release.

Thompson unsuccessfully pursued his challenges to the Board's determinations in the state court. He filed an equally unsuccessful petition for federal habeas relief under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Texas. The Fifth Circuit Court of Appeals reversed and remanded the federal district court's denial of relief. The appellate court held that although Thompson failed to show a violation as to the forfeiture of his accrued good-time credit, he established a due process denial in the State's refusal to credit the time he spent on mandatory supervision after his erroneous release to reduce the remainder of his sentence. *Thompson v. Cockrell*, 263 F.3d 423, 429 (5th Cir. 2001). Following remand, the district court granted habeas relief on September 26, 2001, "to the extent that petitioner shall be released unless the state corrects the constitutional error within twenty days." *Thompson v. Director, TDCJ*, C.A. No. 1:96-cv-0139 (E.D. Tex.).

Thompson was released to mandatory supervision on October 4, 2001. It was revoked on January 18, 2002 and Thompson was returned to prison. Thompson continued to

complain to the United States District Court for the Eastern District of Texas that the State had not credited him for the one year, four months, and twenty-three days of the wrongful release before his first revocation. On July 2, 2002, the district court determined that, contrary to Thompson's assertions, prison records showed that he had been given the credit. *Thompson v. Director, TDCJ*, C.A. No. 1:96-cv-0139 (E.D. Tex.). The Fifth Circuit Court of Appeals affirmed. *Thompson v. Cockrell*, No. 02-41207 (5th Cir. 2003). On January 31, 2005, the district court denied Thompson's habeas challenge to the revocation of his second release on mandatory supervision. *Thompson v. Dretke*, C.A. No. 1:03-cv-0389 (E.D. Tex. 2005).

Thompson filed this lawsuit on May 15, 2002, alleging that Cockrell violated his civil rights by unlawfully denying him release on mandatory supervision from May 1995 through October 2001.[1] (Docket Entry No. 1). Thompson argues that as of May 1995, Cockrell was aware that he was entitled to be released, but that it took the district court's 2001 order before Cockrell finally released him to the second mandatory supervision. (Docket Entry No. 12). Thompson claims that the Fifth Circuit Court of Appeals has already determined that Cockrell denied him this right to mandatory release after 1995, and that the only remaining issue is the award of monetary damages. (Docket Entry No. 18, p. 1). Thompson seeks $400,000.00 in compensatory damages and $600,000.00 in punitive damages. (Docket Entry No. 44, p. 9).

---

[1] Thompson apparently is not seeking damages for the 1995 denial of his calendar credit.

In her motion for summary judgment, Cockrell argues that Thompson's official capacity claims fail as a matter of law because she is entitled to Eleventh Amendment immunity, and his individual capacity claims fail because she had no personal involvement in the underlying events.[2]

## II.  THE NONDISPOSITIVE MOTIONS

### A.  The Motion for Leave to Amend

Thompson seeks leave to file an amended complaint to add Gary L. Johnson, the 252nd District Court of Jefferson County, Texas, and Jefferson County, Texas, as additional defendants. (Docket Entry No. 49). He also seeks leave to add claims challenging the 1983 conviction on the basis of a defective indictment, a void guilty plea, and lack of state-court jurisdiction. He also seeks to amend his damages claim to seek $6 million dollars against Cockrell and Johnson (*id.*, p. 7), and $21 million dollars against the 252nd District Court and Jefferson County, Texas (*id.*, p. 15).

This lawsuit has been on file since 2002. Cockrell's motion for summary judgment has been on file with the court since July 13, 2004. Thompson's motion is untimely. Thompson's motion for leave to amend to add the claims against the convicting court and county is futile. These claims challenge the validity of his underlying conviction and are not appropriately added to this civil rights lawsuit. To state a claim for relief under 42 U.S.C.

---

[2] Contrary to Cockrell's motion for summary judgment, Thompson is not claiming in this lawsuit that (1) he never received calendar credit for the first mandatory supervision, (2) he was denied good-time credit, or that (3) his 2001 release to mandatory supervision was improper. (Docket Entry No. 44).

§ 1983, a plaintiff must allege that an individual acting under color of law violated his constitutional rights. *Scott v. Moore*, 85 F.3d 230, 232 (5th Cir. 1996). Neither the 252nd District Court of Jefferson County, Texas nor Jefferson County, Texas, are "persons" against whom civil rights claims may be brought. *See Neitzke v. Williams*, 490 U.S. 319 (1989). Moreover, Thompson does not allege that any constitutional violation was inflicted under an official municipal policy of Jefferson County. *See Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Thompson's proposed claims against Gary Johnson are the same as those pending against Cockrell, and, as discussed below, are subject to dismissal on the same judgment grounds Cockrell raised in her motion for summary judgment. The motion for leave to amend is denied as both untimely and futile.

B.    The Motions for Trial Date and/or Settlement and for Stipulations

Because this court is granting Cockrell's motion for summary judgment, Thompson's motions for a trial date and/or settlement (Docket Entry No. 51), and for stipulations (Docket Entry No. 52), are denied as moot.

III.    **THE SUMMARY JUDGMENT MOTION**

A.    The Legal Standard

In deciding a motion for summary judgment, the court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts

to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). All evidence must be construed "in the light most favorable to the nonmoving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). The nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish that there is a triable issue. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996).

B.      The Claim of a Constitutional Violation

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To prevail on his claims, Thompson must prove that he was wrongfully denied mandatory supervision during 1995 to 2001; that this denial violated his federal constitutional rights; and that Cockrell committed the violation.

Thompson contends that the Fifth Circuit determined that his constitutional right to mandatory supervision was denied from 1995 to 2001, that it remanded the case to the federal district court, and that the district court ordered Thompson released to mandatory supervision in 2001. Thompson's analysis of these decisions is incorrect. The issues before the Fifth Circuit were the due process implications of the good-time credit forfeiture and whether Thompson had a liberty interest in credit for the calendar time spent on the premature release to mandatory supervision. *Thompson v. Cockrell*, 263 F.3d 423, 425 (5th

Cir. 2001). The Fifth Circuit concluded that Thompson had a Fourteenth Amendment liberty interest in the calendar time spent on the erroneous release, which entitled him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), before the State could decide not to credit that time against the sentence he faced on reincarceration. *Id.* at 427. The Fifth Circuit held that Thompson was entitled to credit for the calendar time he spent on early mandatory supervised release. The Fifth Circuit further determined that there was no due process violation in the forfeiture of Thompson's accrued good-time credit following his reincarceration after his release on supervision was revoked. *Id.* at 429.

The Fifth Circuit did not address any alleged denial of a constitutional right to release on mandatory supervision during 1995 to 2001. The federal district court, on remand from the Fifth Circuit's decision, did not order Thompson released to mandatory supervision. The Fifth Circuit ordered Thompson's calendar time reinstated as credit toward the discharge of his sentence. The district court on remand granted habeas relief to the extent of ordering Thompson released unless the State corrected the calendar time error within twenty days. That he was denied his right to receive calendar credit for the time spent on his premature release to mandatory supervision in 1993 when he was reincarcerated in 1995 is a wholly different issue from whether he was denied a constitutional right to mandatory supervision between 1995 and 2001. Any effect the calendar time error may have had on Thompson's right to mandatory supervision from 1995 to 2001was not an issue before those courts. Thompson presents no competent summary judgment evidence showing that he was

unlawfully denied mandatory supervision during 1995 to 2001. Summary judgment is granted as to this claim.

C.    The Claims Against Cockrell in her Official Capacity

Thompson's claims for damages against Cockrell in her official capacity are also barred by the Eleventh Amendment. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Because the real party in interest in an official capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thompson presents no competent summary judgment evidence that a TDCJ policy caused the alleged violation of his civil rights. Cockrell is entitled to summary judgment dismissing Thompson's claims against her in her official capacity.

D.    The Claims Against Cockrell in her Individual Capacity

Personal involvement is an essential element of a civil rights cause of action. *Thomkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Cockrell may not be held liable under section 1983 unless Thompson demonstrates that she affirmatively participated in the acts that caused his constitutional deprivation or that she implemented unconstitutional policies that caused Thompson's injury. *Id.*; *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Thompson presents no competent summary judgment evidence that Cockrell actively participated in the events that caused the denial of release to mandatory supervision from 1995 to 2001. Thompson fails to contest with competent summary judgment the affidavit testimony of a TDCJ official that, "when Janie Cockrell

worked for TDCJ, she was not personally involved in performing offender time calculations." (Docket Entry No. 43, Exhibit). Instead, Thompson argues that as the Director of TDCJ, Cockrell "was fully aware" that he had been denied a timely mandatory supervision release because of information from the Bureau of Classifications and Thompson's grievances and legal actions. (Docket Entry No. 44, pp. 1-3). This is insufficient to raise a fact issue as to Cockrell's "personal involvement." Even assuming Cockrell's awareness of Thompson's litigation claims, it is not probative summary judgment evidence that Cockrell was personally involved in the alleged violation of his constitutional rights. In none of Thompson's habeas actions against the director of TDCJ has any court concluded that Cockrell (or any other director) was personally involved in Thompson's sentence computations or mandatory supervision release decisions. Thompson fails to present any probative summary judgment evidence that Cockrell was personally involved in the events giving rise to his civil rights claims. Cockrell is entitled to summary judgment on the individual capacity claims against her.

E.    The Claims Against Cockrell as a Supervisory Official

It is unclear whether Thompson also claims that Cockrell, as a supervisory official, is responsible under the theory of *respondeat superior* for the acts of others in denying him mandatory supervision. Such a claim is without merit as a matter of law. Individual liability under section 1983 may not be based on a supervisor's vicarious liability for the acts or omissions of employees. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Supervisory officials may be liable only if their own action or inaction, performed

with a certain degree of gross negligence or deliberate indifference, proximately caused a constitutional violation. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). Any assertion that Cockrell is liable for actions of her subordinates, without more, fails to present a viable claim under section 1983. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999).

A supervisor's conduct must be measured against the standard of deliberate indifference. *Alton*, 168 F.3d at 200. "For an official to act with deliberate indifference, the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brenoettsy*, 158 F.3d at 911. Thompson presents no competent summary judgment evidence that Cockrell was personally involved in any denial of his alleged right to mandatory supervision during 1995 to 2001, or that she was aware of such a deprivation and deliberately indifferent to it. Cockrell is entitled to summary judgment dismissing Thompson's claims.

IV.   **CONCLUSION**

This court enters the following orders:

1.   Thompson's motion to reinstate (Docket Entry No. 48) is **GRANTED**, and the Clerk is **ORDERED** to reinstate this action on the court's docket.

2.   Thompson's motion to reopen civil action (Docket Entry No. 52) is **GRANTED**.

3.   Cockrell's motion for summary judgment (Docket Entry No. 42) is **GRANTED**.

4.   Thompson's motion to amend (Docket Entry No. 49) is **DENIED**.

5.   Thompson's motion for settlement and/or trial setting (Docket Entry

No. 51) is **DENIED AS MOOT**.

6.     This lawsuit is **DISMISSED**.

SIGNED on September 28, 2005, at Houston, Texas.

_____
                Lee H. Rosenthal
          United States District Judge